UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHRISTOPHER WILLIAMS (#279098)

VERSUS                                     CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC             NUMBER 12-739-BAJ-SCR
SAFETY AND CORRECTIONS, ET AL


                              **<ins>NOTICE</ins>**

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.
        In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.   Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 26, 2012.


                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER WILLIAMS (#279098)

VERSUS                                    CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC            NUMBER 12-739-BAJ-SCR
SAFETY AND CORRECTIONS, ET AL

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections and Dixon Correctional Institute. Plaintiff alleged that he was denied credit for time spent under house arrest in violation of his constitutional rights. Plaintiff sought monetary damages and credit toward his sentence.

### I. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous

if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**B. Eleventh Amendment Immunity**

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979);

2

*Edelman v. Jordan, supra*.   Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.   The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains.   *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### C. Credit for Time Served Under House Arrest

Plaintiff's claim regarding denial of credit for time spent under house arrest must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release.   *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied credit for time spent under house arrest, he has no damages claim cognizable under section 1983.  *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been

3

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*.  Plaintiff's damage claim seeks monetary damages for the deprivation of credit for time spent under house arrest and directly calls into question the lawfulness of his confinement. Because the permanent deprivation of credit for time spent under house arrest essentially increases the plaintiff's sentence, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid.  *Heck*, 114 S.Ct. at 2372.  Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding.  Plaintiff offered no proof that the denial of credit for time spent under house arrest has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus.  Therefore, the plaintiff's claim is not cognizable under § 1983 at this time.  Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does

not accrue until the length of imprisonment has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and it seeks monetary relief against a defendant who is immune from such relief, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

### RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, November 26, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5